## RECONSTRUCTION FINANCE CORPORATION v. NORTHERN TRUST CO. OF PHILADELPHIA et al.
### No. 6695.

Circuit Court of Appeals, Third Circuit.
July 11, 1938.

---

556

Robert T. McCracken, C. Russell Phillips, and Edward G. Taulane, Jr., all of Philadelphia, Pa., for appellant.

Morris Wolf and Philip Werner Amram, both of Philadelphia, Pa. (Wolf, Block, Scharr & Solis-Cohen, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This case is sui generis. A mortgage is a conveyance. Its foreclosure merely gets rid of the mortgagor's equity of redemption. After foreclosure the trustee of the mortgage takes title to the real estate, clear of the equity of redemption, on the same trusts upon which he held the mortgage. He cannot get rid of this trust relation by repudiating it. The dismissal of the Appellant's Bill enables the trustee to do this very thing.

The Appellant had an interest in the mortgage, the title to which was held by the Northern Trust Company as trustee. A Scire Facias suit under the Pennsylvania Act, 21 P.S.Pa. § 791, and a sale under an execution upon the judgment recovered are admitted to be the equivalent of a foreclosure of the mortgage. When title was taken by the trustee at the foreclosure sale it thereafter held title upon the same trusts upon which it had held the mortgage. This result is not changed by the circumstance that the interest of the Appellant is an interest deferred to that of other cestui que trustent. We think that the learned District Judge was misled into giving the trust a too restricted meaning. The Appellant has an interest in the trust fund. This is more than the right to notice that the Appellant protect its own interest. Such notice was perfectly proper but it merely relieved the trustee from any obligation to bid more at the foreclosure sale than in its judgment it was disposed to bid.

The decree of the District Court dismissing the Bill is reversed with a procedendo.

BUFFINGTON, J., dissents.